UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TEMPLE A. WIEHE,

                      Plaintiff,

   v.                                                  **DECISION AND ORDER**
                                                         13-CV-500S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.


      1.      Plaintiff Temple A. Wiehe challenges an Administrative Law Judge's ("ALJ") decision, dated May 2, 2012, wherein the ALJ determined that Plaintiff was not disabled under sections 216(i),223(d), and 1614(a)(3)(A) of the Social Security Act.  She now contends that the determination is not based upon substantial evidence, and reversal is warranted.

      2.      Plaintiff protectively filed an application for a period of disability and disability insurance benefits on August 9, 2010, and an application for supplemental security income on August 10, 2010.  In both applications she alleged a disability beginning on May 2, 2010. The applications were initially denied on December 16, 2010, and Plaintiff was granted a hearing on that denial. She testified before the ALJ on February 22, 2012.  The ALJ issued a decision denying Plaintiff's applications on May 2, 2012.  The Appeals Council denied Plaintiff's request for review on March 18, 2013, rendering the ALJ's determination the final decision of the Commissioner. Plaintiff filed the instant action on May 13, 2013.

      3.      Plaintiff and the Commissioner each filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Judgment on

the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971) (internal quotation marks and citation omitted). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982), *cert denied*, 459 U.S. 1212 (1983).

5. To determine whether the ALJ's findings are supported by substantial evidence, "a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might

justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work

experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460-61, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

        9.       In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since May 2, 2010, her asserted onset date (R. 23);[1] (2) Plaintiff's chronic back pain, aggravated by obesity, was a severe impairment (R. 23-25); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled a recognized disabling impairment under the regulations (R. 25); (4) Plaintiff had the residual functional capacity ("RFC") to perform a full range of sedentary work as defined by regulations (R. 25-33); and (5) although she could not perform any of her past relevant work, considering her age, education, experience, and RFC, there were sufficient jobs in the national economy that she could perform.  (R. 33-34.)

        10.      Plaintiff first contends that the ALJ failed to thoroughly discuss or give controlling weight to the opinions of her treating sources.  A treating physician's opinion is generally given more weight than that of other reports, and in fact will be given controlling weight if it is "well-supported by medically acceptable [evidence] and is not inconsistent with the other substantial evidence in [the] record." Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999); see 20 C.F.R. § 404.1527(c)(2). Plaintiff argues that, here, the ALJ ignored the treating physicians' opinions that Plaintiff could not sit or stand for more than 30 minutes at time. (Pl's Mem of Law at 10-13 (citing R. 338, 400, 405, 412, 416).)

---

[1] Citations to the underlying administrative record are designated as "R."

Initially, Dr. Gosy never opined or found that Plaintiff had such a limitation. The 30-minute limitation appears in the "subjective" section of the cited reports, along with Plaintiff's other medical history and self-reported complaints. (R. 399-400, 404-05, 411-12, 415-16.) This section is distinct from the listing of objective tests performed by Dr. Gosy or his staff and, more importantly, from the assessments of these treatment providers. (R. 401-02, 406-07, 413-14, 417-18.) Accordingly, as expressly stated by the ALJ, these references reflect the 30-minute limitation "as per Dr. Bergfeld," who referred Plaintiff to Dr. Gosy. (R. 29; see R. 338, 399, 404, 411, 415.) Treatment notes from Dr. Gosy's office frequently ended with the conclusory assertion that Plaintiff had a 50% temporary impairment. However, a statement that a claimant is or is not disabled is not a "medical opinion" entitled to any special significance, but is instead a determination within the exclusive purview of the Commissioner. 20 C.F.R. § 404.1527(d)(1),(3).

The issue then is whether the ALJ was required to give controlling weight to the opinion of Dr. Bergfeld. In his decision, the ALJ gave little weight to this opinion because it was inconsistent with the findings of Plaintiff's treating physician Dr. Matthew as well as the findings of the consultative examiner Dr. Miller. (R. 32, 338; see 261.) Dr. Matthews reported after several examinations from June through September 2010 that Plaintiff could return to work with a limitation on lifting more than ten pounds, but no restrictions on sitting or standing. (R. 28, 271, 274, 278, 280, 283.) Dr. Miller similarly found in November 2010 that Plaintiff had only a "mild limitation to repetitive heavy lifting, bending, turning, twisting, and carrying" with no reference to a sitting or standing limitation. (R. 29, 353.) As noted in the ALJ's decision, Dr. Miller's opinion was premised on such objective findings as Plaintiff's lack of acute distress during the examination, her normal gait and stance, and lack of difficulty in walking on heels and toes or getting on and off the exam table. (R. 28-

5

29, 351.)

Further, Plaintiff's reliance on Rosa v. Callahan is misplaced. 168 F.3d 72, 81 (2d Cir. 1995). Callahan precludes the rejection of "a treating physician's diagnosis merely on the basis that other examining doctors reported no similar findings" where those other physicians were never asked what work or activity the claimant "could perform and hence expressed no opinion on that subject." 168 F.3d at 81.  Here, however, Dr. Matthews opinion followed a functional capacity evaluation conducted on his referral and which expressly considered Plaintiff's ability to perform sedentary work. (28, 32, 253-57.) Dr. Miller's sole purpose in examining Plaintiff was to determine physical limitations affecting the ability to work.

Contrary to Plaintiff's additional argument, to the extent that it is relevant, the record does support the ALJ's statement that Dr. Bergfeld, although aware of it, never reviewed the functional capacity evaluation prior to determining Plaintiff's work restrictions.  The statement of restrictions was signed the same day as the examination during which Dr. Bergfeld was made aware of and noted that she was "also requesting the results of [Plaintiff's] functional capacity evaluation." (R. 338, 341, 344 (October 21, 2010).) Finally, as Defendant notes, Dr. Bergfeld's restrictions were "in effect" from October 21, 2010 until December 20, 2010, a two month period that falls far short of the 12-month durational requirement necessary to establish a qualifying disability. (R. 338); see 20 C.F.R. §§ 404.1509; 416.909.

11.   Plaintiff also argues that the ALJ's credibility determination was flawed by an overemphasis on her pursuit of a career in phlebotomy during the period of alleged disability. (Pl's Mem of Law at 15-16.)   Credibility determinations are generally reserved to the Commissioner, not the reviewing court. Selian v. Astrue, 708 F.3d 409, 420 (2d Cir.

2013); Aponte v. Sec'y, Dep't of Health & Human Servs., 728 F.2d 588, 591 (2d Cir. 1984). Here, contrary to Plaintiff's assertion, the ALJ did not "sandbag[]" Plaintiff with the adverse inference he took from Plaintiff's participation in a phlebotomy class and current search for a phlebotomist position. (Pl's Mem of Law at 15.)  By way of questions from both the ALJ and her own counsel, Petitioner was afforded an opportunity to develop the record regarding her belief that the completion of this course was not inconsistent with her claim of disability.  Specifically, Plaintiff testified that, due to the number of days missed from back pain, she required and received an accommodation of an extra month in which to complete the course.  (R. 55, 75.) Moreover, as Defendant argues, this was one of several factors on which the ALJ relied in declining to fully credit Plaintiff's subjective complaints. The ALJ also emphasized treatment notes from January 2010 reporting that Plaintiff's pain complaints were inconsistent with her physical abilities when she was unknowingly observed, as well as Plaintiff's unemployment certification that she was ready, willing, and able to work. (R. 31-33, 54-56, 247-49.)   There is no error undermining the ALJ's conclusion.

12.   For the foregoing reasons, and upon a review of the record as a whole, the Court concludes that the ALJ's determination is supported by substantial evidence. Defendant's Motion for Judgment on the Pleadings is granted.


IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 15) is GRANTED;

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 16) is DENIED;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: September 28, 2014
 Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court